No. 86-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

SHARON BOOTH,

　　　　　Petitioner and Appellant,

-vs-

ED ARGENBRIGHT, STATE SUPERINTENDENT
OF PUBLIC INSTRUCTION; MISSOULA SCHOOL
DISTRICT NO. 1, MIKE BOWMAN, MISSOULA
COUNTY SUPERINTENDENT OF SCHOOLS,

　　　　　Respondents and Respondents.

_____

APPEAL FROM:　District Court of the First Judicial District,
　　　　　　　　In and for the County of Lewis & Clark,
　　　　　　　　The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　Ian Christopherson, Missoula, Montana

　　　For Respondent:

　　　　　Richard Bartos, Office of Public Instruction, Helena,
　　　　　Montana
　　　　　Hilley & Loring, Great Falls, Montana
　　　　　Michael W. Sehestedt, Deputy County Attorney, Missoula,
　　　　　Montana

_____

Submitted on Briefs: Nov. 20, 1986

Decided:　February 4, 1987

Filed:　FEB 4 - 1987

_____
Ethel M. Harrison
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal by Sharon Booth of the order of the District Court, First Judicial District, Lewis and Clark County which affirmed the decision of the State Superintendent of Public Instruction. We affirm the decision of the District Court that the teacher's resignation was effective and no rescission has taken place.

There is no statement of issues presented for review in appellant's brief as required by Rule 23(a)(2), M.R.App.Civ.P. We therefore adopt respondent's statement of the issue.

Whether the District Court erred as a matter of law in affirming the decisions of the County Superintendent of Schools and State Superintendent of Public Instruction which held that Booth's resignation was effective and terminated her employment with the School District.

The facts in this action were essentially stipulated to in the prehearing order before the County Superintendent. On January 17, 1979, Sharon Booth was a tenured teacher under contract to Missoula County School District No. 1. Booth was charged in Missoula Municipal Court and, without counsel, pled guilty to a misdemeanor theft charge. The plea was later withdrawn and the case dismissed. On January 10, 1979, following Booth's guilty plea and prior to its withdrawal, the Board of Education of District No. 1 (the Board) in closed session and based on the theft charge and guilty plea, voted to authorize Superintendent of Schools Ben Hanson to request Booth's immediate resignation and, if she refused, to institute immediate dismissal procedures in accordance with Montana statutes. Hanson was also authorized to grant Booth

30 days' additional pay. The Board's action was communicated to Booth by Hanson's letter of January 17, 1979. The same day, Booth signed a letter of immediate resignation typed for her by her building principal. Booth was teaching on the day her resignation was requested and received. Her letter was transmitted to Hanson, who directed issuance to Booth of a final pay warrant on January 19, 1979, and a warrant for 30 days' severance pay on January 23, 1979. Booth, acting through her attorney Anthony Keast, accepted, cashed and deposited the proceeds of those checks in Keast's trust account. Booth has not offered to refund the $1,502.24 severance pay; the Board has not requested its return.

On February 8 or 9, 1979, Booth, through counsel, made written request to the Board that she be allowed to withdraw her resignation. Her attorney was present at the Board's February 13, 1979 meeting to attempt to withdraw her resignation. The Board went into closed session to discuss the matter and, on advice of the Deputy County Attorney for Missoula County, declined to allow withdrawal of the resignation.

On February 20, 1979, Booth appealed the Board's action to the Missoula County Superintendent of Schools Mike Bowman, who declined to hear the appeal, citing advice of the Missoula County Attorney's office. Thereafter, a writ of mandate was issued by Judge Henson compelling the County Superintendent to abide by the contested case procedures in § 20-3-210, MCA.

Following Judge Henson's order, a hearing before the County Superintendent of Schools was held on May 22, 1984. Prior to the hearing, the parties submitted a prehearing order which set forth an agreed statement of facts. The only issue of fact left to be decided was whether or not school officials had made certain statements regarding the effect of

Booth's acceptance of severance pay as asserted by Anthony Keast during the Board's meeting of February 13, 1979. Although listed as a witness for Booth, Keast did not testify at the hearing.

The County Superintendent concluded that the Board's action to effect Booth's resignation or initiate termination proceedings constituted an offer by the Board to Booth to amend their existing contractual relationship; that her resignation letter constituted acceptance of the Board's offer; and that her resignation in lieu of formal termination with 30 days' severance pay constituted consideration. He also concluded that there was no contractual, procedural or legal requirement that the Board formally accept Booth's resignation; that it was established practice for the Board to request a teacher to resign in lieu of formal termination proceedings; and that authorization by the Board to the Superintendent to effect a resignation did not require further action by the Board to complete the resignation following receipt of Booth's letter of resignation dated January 17, 1979. Finally, he concluded that Booth's appeal to the County Superintendent was timely and that actions taken by the District Court prior to February 10, 1979, were not subject to review in that no appeal was undertaken until February 20, 1979. The County Superintendent held that Booth's resignation was effective and the School District's contractual obligation to her was satisfied upon her acceptance of the severance pay.

Booth filed notice of appeal to the State Superintendent of Public Instruction, Ed Argenbright, on September 14, 1984. The matter was briefed and oral argument was held on May 20, 1985. Argenbright issued his decision and order on July 24, 1985, basically affirming the order of the County

- 4 -

Superintendent. Argenbright made additional conclusions of law in response to arguments raised by the parties.

6a. Acceptance of Board's offer by teacher's resignation and acceptance of severance pay considered on [sic] accord as defined in section 28-1-402, MCA.

6b. No recession [sic] of agreement to resign was accomplished because of teacher's retention of severance pay.

. . .

8. That the decision by the Missoula County District Court, ordering the County Superintendent to conduct a hearing, did not evidence or imply a ruling that the termination obtained by the Respondent School District was illegal or invalid, or in any other way breached the merits off [sic] the controversy presented.

. . .

10. That the Missoula County Superintendent did not make any errors of law in his decision in this matter.

Booth filed a petition for judicial review in the District Court of the First Judicial District. The District Court affirmed the decision of the State Superintendent of Schools. Booth appeals.

The standard of review in this case is set forth in § 2-4-704(2), MCA:

(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

- 5 -

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(g) because findings of fact, upon issues essential to the decision, were not made although requested.

We expanded on the proper standard of review in Yanzick v. School District #23 (1982), 196 Mont. 375, 388, 641 P.2d 432, 439.

From the foregoing, it is apparent that the procedure in appealing to this Court is identical to that used in an appeal from any other district court decision. In this proceeding the District Court was not the trier of fact. We have here an appeal from a lower appellant tribunal which in turn based its conclusions on a review of the printed record, without the benefit of listening to and observing the demeanor, conduct and testimony of witnesses. We hold that this Court should not substitute its judgment for that of the County Superintendent as to the weight of the evidence on questions of fact and that this Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings and conclusions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.

In effect, appellant contends this Court should review the decisions of the County Superintendent and the State Superintendent de novo, using the Workers' Compensation standard of review set forth in Brewington v. Birkenbuel,

- 6 -

Inc. (Mont. 1986), 723 P.2d 938, 43 St.Rep. 1458. Appellant contends this Court is in as good a position as the original trier of fact to consider the evidence. We are not in as good a position as the original trier of fact to consider the case because we did not have the opportunity to attend the hearing and view the testimony of the witnesses. Our function as an appellate court reviewing an administrative decision is not to substitute our judgment for that of the County Superintendent but rather to review the whole record to determine if the administrative findings and conclusions are clearly erroneous. Yanzick v. School District #23, 196 Mont. at 389, 641 P.2d at 439. We are aware:

> (1) that limited judicial review of administrative decisions strengths the administrative process by encouraging the full presentation of evidence at the initial administrative hearing; (2) judicial economy requires court recognition of the expertise of administrative agencies in the field of their responsibility; and (3) limited judicial review is necessary to determine that a fair procedure was used, that questions of law were properly decided, and that the decision of the administrative body was supported by substantial evidence. (Citations omitted.)

Northern Plains Resource Council v. Board of Natural Resources (1979), 181 Mont. 500, 509, 594 P.2d 297, 303.

First, appellant contends that Booth's resignation was not effective until the School Board accepted it at a meeting because only the School Board has authority over a teacher's employment. The District Court held the Board made its decision to terminate Booth and had Hanson carry the offer to Booth to amend the existing contractual relationship between Booth and the Board, with consideration of one month's severance pay and the opportunity to resign rather than undergo formal termination proceedings. Booth accepted this offer by tendering her resignation and accepting the warrant

for severance pay issued by the School District. The School Board did not need to formally accept the resignation because it had already decided to terminate Booth and made the offer to spare her formal termination proceedings. The lower court did not err on this issue.

Next, appellant contends the School Board cannot delegate its power of acceptance of an employment contract and therefore Booth's resignation was timely revoked. The District Court held there was no delegation of authority here. It held that the Board made the decision, then directed Hanson to carry the offer to Booth, a purely ministerial act. This is correct. The contract was completed when Booth accepted the offer by tendering her resignation.

Next, appellant contends the case at issue is barred by res judicata, collateral estoppel or estoppel by judgment. Appellant contends the order granting the writ of mandate effectively directed that the resignation letter signed by Booth be adjudged void. The District Court held that this was incorrect for two reasons: first, the issue was not presented on appeal to the County Superintendent; second, the writ of mandate was issued to compel the County Superintendent to comply with § 20-3-210, MCA. It did not reach the merits of the controversy and thus could not be res judicata. The District Court did not err in this holding.

Next, appellant makes objection to specific findings of fact. Having reviewed the record, we find the findings of fact are supported by substantial evidence.

Next, appellant contends that the teacher was given improper notice. This issue is outside the stipulated facts and was not presented to the administrative agency for review as required by § 2-4-702(1)(b), MCA. It is axiomatic that we will not address issues raised for the first time on appeal.

- 8 -

In Re Marriage of Glass (Mont. 1985), 697 P.2d 96, 42 St.Rep. 328; Bowman v. Prater (Mont. 1984), 692 P.2d 9, 41 St.Rep. 2236; Scofield v. Estate of Wood (Mont. No. 83-452, Decided June 27, 1984), 683 P.2d 1300.

Appellant contends that the School Board's failure to initiate formal termination proceedings against Booth was in violation of her due process rights. Again this issue is outside the stipulated facts and was not presented to the administrative agency for review.

Appellant contends the issue of accord and satisfaction as presented by the School Board is precluded by "estoppel by silence." Appellant does not define "estoppel by silence" but estoppel is an affirmative defense which must be pled and proved by the party raising it. Rule 8(c), M.R.Civ.P. In this case no evidence was offered that school officials made statements to Tony Keast regarding the effect of acceptance of severance pay. As such, there is no evidence in the record to support this theory.

The decision of the District Court upholding the decisions of the State Superintendent and County Superintendent of Schools is affirmed.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

- 9 -

John C. Sheehy
_____

_____
Justices