No. 88-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF:

JOHN RANDOLPH EKLUND,

     Petitioner and Respondent,

and

JANET DENISE EKLUND,

     Respondent and Appellant

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Janet Denise Eklund, Pro Se, Billings, Montana

     For Respondent:

          J. Andrew Patten; Patten Law Firm, Billings, Montana

_____

Submitted on Briefs: Jan. 5, 1989

Decided: February 3, 1989

Filed:

_____
                    Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Janet Eklund (wife) appears pro se appealing the dissolution decree entered by the Thirteenth Judicial District, Yellowstone County, apportioning the marital estate.

Wife raises three issues on appeal:

Did the District Court err by:

(1) denying wife's motion to remove the judge for cause;

(2) setting over $60,000 of the marital estate to husband as a traceable gift from his parents;

(3) failing to compensate her for her contribution to the family home.

We affirm.

Janet and John Randolf Eklund (husband) lived together for three years before marrying in the spring of 1982. They were married for four years when husband filed for dissolution in July 1986. One child was born as issue of this union. The parties reached a satisfactory custody and support agreement adopted by the District Court which met all code provisions and child support guidelines. The equities of that agreement were not disputed at trial and are not at issue on appeal.

On the January 4, 1988, opening day of trial, wife's attorney verbally moved for the district judge to remove himself for cause based on an off-the-record comment by the judge some three weeks earlier that the judge was acquainted with husband's parents some thirteen years earlier. Wife's motion was denied. We agree.

To remove a judge for cause, counsel must follow the procedure outlined in § 3-1-805, MCA, which provides generally that an affidavit alleging facts showing the judge's personal bias or prejudice must be filed thirty days in

2

advance of trial. Once this affidavit and its accompanying certificate of good faith made by the counsel of record are filed, the judge shall have no more power to preside over the case, and the matter is referred to this Court. Upon that referral, the Chief Justice assigns another district judge to hear the disqualification proceeding.

None of that occurred in this case. Arguably, wife's counsel never could have made the thirty-day deadline in this case since the alleged comment evidencing personal bias only came out three weeks prior to the scheduled hearing date. However, counsel's failure to act immediately upon that and failure to file the counsel's certificate of good faith is conspicuous. It appears that counsel was either trying to stall for time or to make an end run around the outlined statutory procedure—neither of which is acceptable. This motion was properly denied.

Wife next contends that it was error to set aside $60,000 of the marital estate to husband. The $60,000 was equity in the family home. We disagree.

The home was purchased by husband with funds borrowed from his parents, William and Doris Eklund, and evidenced by a promissory note. The note named only the husband as obligor and named both parents as payees. Each year for three years the parents gave husband $20,000 in gift money as evidenced by forgiveness of debt. Each year, parents wrote husband a letter noting that $20,000 of his debt had been relieved. The promissory note and letters were received in evidence at the dissolution hearing.

Parents testified at trial that although some of these letters were addressed to both husband and wife, their donative intent was only to make a gift to husband. Each parent testified that they wanted to make a separate $10,000 gift to their son each year as the maximum gift they could give

3

without incurring tax liability, pursuant to the estate planning advice they had received. Each parent testified making similar gifts to their other children, also pursuant to their estate planning.

The District Court set aside $60,000 of the marital estate evidenced by equity in the family home to husband and made a finding that it was a traceable gift from his parents. The finding is not clearly erroneous. Based on this evidence, we find no abuse of discretion by the trial court.

Wife next contends that the Court did not adequately consider her contribution to the family home and compensate her for the same. We disagree, although at first blush the distribution of the marital estate appears unbalanced.

Wife received $5,948 of the marital assets and a cash award of $6,000, payable in thirty days. Husband received an award from the marital estate of $70,335 less the $6,000 cash payment to wife. The following calculations were considered by the District Court:

```
Husband:                              Wife:

 70,335 net marital estate             5,948 net marital estate
-60,000 gift from parents             +6,000 cash award
 10,335                               ──────
- 6,000 cash payment to wife

 $4,335 total                         $11,948 total
```

It is well established that divisions of the marital estate need only be equitable under the circumstances of each case and need not be exactly equal. In re the Marriage of Jacobson (1979), 183 Mont. 517, 600 P.2d 1183.

The District Court took extensive testimony regarding the occupation of husband, of wife and of the condition of the family home, which they were jointly improving. Wife estimated the value of their home improvements at $10,000 and

4

testified that the supplies used in the improvements were purchased with joint funds.

However, on cross-examination, wife admitted that this estimate was speculation because she did not purchase any of the materials, was not aware of their price, and had no background in real estate or appraisals. Husband testified that wife did one-third of the actual labor and estimated the value of their labor at far less than the wife.

We do not find this distribution to be inequitable in this case, when any alternative award for contribution to the home would be purely speculative. It is evident from the court's findings of fact that the trial judge considered the wife's labors in the home improvement when he distributed assets of $5,948 to her and a cash award of $6,000. The court made specific findings as to wife's contribution in Finding VII where the court noted the improvements to the home and made a finding that wife's contribution to the project was twenty hours of labor. This contribution has been compensated. Wife fails to convince us that it was error by the trial court not to award her $10,000 for her contribution to the home improvements.

Wife had a heavy burden on this appeal. She needed to show that the findings of the judge were clearly erroneous as to each issued raised, and thus an abuse of the judge's discretion based on the evidence of this case. In re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 45 St.Rep. 850. Wife did not carry that burden, demonstrated by the foregoing evidence.

Judgment affirmed.

/s/ J. A. Turnage
Chief Justice

We concur:

_____

John C. Sheehy
_____

L.C. Gulbrandson,
_____

B.C. McDonough
        Justices

6