State v. MacPheat

Decided March 10, 1998

(NOT TO BE CITED AS AUTHORITY)

No. 97-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 49N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WILLIAM R. MacPHEAT,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William R. MacPheat, Deer Lodge, Montana (pro se)

For Respondent:

Thomas J. Esch, Flathead County Attorney, Kalispell,

Montana; Joseph P.  Mazurek, Attorney General, Tammy

K. Plubell, Assistant Attorney General, Helena,

Montana

Submitted on Briefs: January 15, 1998

Decided: March 10, 1998

Justice Hunt delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   This is an appeal by William R. MacPheat (MacPheat), pro se, from three orders the Eleventh Judicial District Court, Flathead County, issued in cause number DC-96-020(A).  On April 4, 1996, MacPheat pleaded guilty to the crime of deceptive practices for using his parents' credit card without their permission. Subsequently, on April 2, 1997, MacPheat filed a motion to withdraw his guilty plea.  In connection with that motion, he filed various other motions, including a discovery motion and a motion requesting the District Court to issue a subpoena compelling his attorney's wife to testify.  On June 23, 1997, the District Court issued three orders denying MacPheat's motions.  Those orders are: (1) an "order denying defendant's motion for discovery," (2) an "order denying defendant's motions for evidentiary hearing, declaration of hostile witnesses and issuance of subpoena," and (3) the "findings, conclusions and order denying defendant's motion to withdraw guilty plea.  We affirm.

¶3   MacPheat appeals claiming error for three reasons.  We address each individually.

I.

¶4   In his motion to withdraw his guilty plea, MacPheat claimed that he was denied effective assistance of counsel because his attorney "may have represented [him] while in a state of diminished

mental capacity due to the influence of illegal drugs."  On April 24, 1997, MacPheat filed a discovery motion to obtain evidence in support of that claim. He sought discovery of the following items: (1) all deferred prosecution agreements between his attorney and the State of Montana, (2) all police reports prepared in regard to any investigations or complaints made involving his attorney, (3) a copy of the NCIC report on his attorney,  (4) a copy of all his attorney's public defender contracts, and (5) a copy of all material in the possession of the State of Montana, the Flathead County Attorney's Office, the Flathead County Sheriff's Department and the Kalispell Police Department regarding any investigation into any potential criminal activity by his attorney, whether charges were actually filed or not.  The District Court considered the record and the affidavit of defense counsel in considering his claim of ineffective assistance of counsel, and found that MacPheat's claim had no merit.  It accordingly denied the discovery motion.  MacPheat cites Rule 26(b)(1), M.R.Civ.P., and contends that the District Court erred in denying his motion, because such evidence is relevant to his claim which "center[s] on [his attorney's] participation in various illegal activities."

¶5   The determination of good cause for withdrawal of a guilty plea is within the District Court's discretion.  State v. Cameron (1992), 253 Mont. 95, 100, 830 P.2d 1284, 1288.  In determining whether MacPheat may withdraw a guilty plea based upon ineffective assistance of counsel, this Court applies the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Senn (1990), 244 Mont. 56, 58-59, 795 P.2d 973, 975.   Pursuant to this standard, the defendant must demonstrate that his attorney's performance fell below the range of competence required by the Sixth Amendment to the United States Constitution, and that but for the deficient performance, he would not have pleaded guilty.  Senn, 795 P.2d at 975.  In reaching its decision, the District Court may properly consider the record and the defense counsel's affidavit.  Cameron, 830 P.2d at 1288; Petition of Gillham (1985), 216 Mont. 279, 280-81, 704 P.2d 1019, 1020.

¶6   In this case, there is no evidence to support MacPheat's claim that he was denied effective assistance of counsel because his

attorney was under the influence of drugs. MacPheat himself submitted no documentation to support this claim and did not testify as to any personal observations he made that would suggest his attorney was under the influence of drugs while representing him. His attorney testified by affidavit that at no time while representing MacPheat or conducting business on MacPheat's behalf was he ever in a state of diminished mental capacity due to the influence of illegal drugs. His attorney admitted that on August 26, 1996, he pled guilty to possession of marijuana and that approximately twelve years ago he received a DUI. To the best of his knowledge, he has never been investigated for any other criminal offense. Additionally, he has never entered into any deferred prosecution agreement or any other agreement that relates to any charges or potential charges affecting him personally. Daniel Wilson, a Deputy Flathead County Attorney, also testified by affidavit that there has never been a deferred prosecution agreement between the State of Montana and MacPheat's attorney.

¶7   There is no evidence that suggests that his attorney's prior guilty plea or DUI conviction impacted his ability to represent MacPheat, and MacPheat himself has not established any connection between those convictions and his attorney's representation of him. Furthermore, MacPheat fails to establish that any of the documents he seeks through his discovery request would support his claim that his attorney was under the influence of drugs while representing him. In any event, any suggestion that his attorney had other drug charges that were resolved through deferred prosecution agreements has been dispelled by his attorney's affidavit and Wilson's affidavit.

¶8   Not only is there no factual basis to support MacPheat's claim of ineffective representation, but MacPheat presents no evidence to suggest that but for his counsel's performance, he would have insisted upon going to trial rather than pleading guilty. To the contrary, the record indicates that MacPheat himself directed the course of plea negotiations and obtained the sentence he requested.

¶9   The District Court did not abuse its discretion by refusing to allow MacPheat to withdraw his guilty plea based upon this claim of ineffective assistance of counsel. The District Court properly

denied MacPheat's discovery motion.

## II.

¶10  In connection with his motion to withdraw his guilty plea based upon ineffective assistance of counsel, MacPheat also filed a motion requesting the court to issue a subpoena directing his attorney's wife to testify at an evidentiary hearing.  MacPheat claimed she would testify that she  lodged domestic abuse claims against his attorney and that the Kalispell Police Department refused to arrest his attorney for this alleged domestic abuse. The District Court refused to issue this subpoena, and MacPheat appeals.

¶11  MacPheat has failed to establish any connection between the testimony sought and his claim of ineffective assistance of counsel.  Such testimony is irrelevant to any claim that his attorney's representation was deficient or that but for this representation MacPheat would have demanded a trial.

## III.

¶12  On May 7, 1997, MacPheat filed a "motion for change of venue." In support of this motion, he argued that Justice of the Peace Stadler and Judge Curtis were prejudiced against him because he had filed a complaint against them with the Judicial Standards Commission.  He also contended that Judge Lympus, the judge presiding over this case, was a party to a deferred prosecution agreement between the State and his attorney.  Finally, MacPheat contended that a change of venue to a court outside of Flathead County would be convenient for the State, because he was currently an inmate at the Montana State Prison in Powell County.

¶13  On June 23, 1997, the District Court denied MacPheat's "motion for change of venue" because (1) neither Justice of the Peace Stadler nor Judge Curtis were presiding over MacPheat's case; and (2) the court was not a party to any deferred prosecution agreement with his attorney.

¶14  On appeal, MacPheat specifically notes that he is not

appealing the District Court's order denying his motion for a change of venue. Rather, he argues that the motion actually constitutes a motion to disqualify the judge. He contends that on June 16, 1997, he filed an "affidavit for disqualification of judge for cause" and that pursuant to Sec. 3-1-805, MCA, the District Court had no authority to enter any of the three orders on June 23, 1997. That statute provides in part:

1. Whenever a party to any proceeding in any court shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge, such judge shall proceed no further in the cause. If the affidavit is filed against a district judge, the matter shall be referred to the Montana Supreme Court, whereupon the Chief Justice shall assign a district judge to hear the matter.

. . . .

(b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good faith.

(c) Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.

Section 3-1-805, MCA.

¶15  In In re Marriage of Eklund (1989), 236 Mont. 77, 768 P.2d 340, we explained the procedure a party must follow pursuant to this statute to remove a judge for cause:

> To remove a judge for cause, counsel must follow the procedure outlined in Sec. 3-1-805, MCA, which provides generally that an affidavit alleging facts showing the judge's personal bias or prejudice must be filed thirty days in advance of trial.  Once this affidavit and its accompanying certificate of good faith made by the counsel of record are filed, the judge shall have no more power to preside over the case, and the matter is referred to this Court.  Upon that referral, the Chief Justice assigns another district judge to hear the disqualification proceeding.

In re Marriage of Eklund, 768 P.2d at 341.  In that case, this Court held that the district court properly denied the motion for disqualification because the party did not timely file an affidavit and did not file the counsel's certificate of good faith.  In re Marriage of Eklund, 768 P.2d at 341-42.

¶16  In this case, even if this Court treats MacPheat's "motion for change of venue" as a motion to disqualify the presiding judge for cause, MacPheat did not follow the procedure outlined in Sec. 3-1-805, MCA.  Although he claims to have filed an affidavit for disqualification on June 16, 1997, the record does not reveal that any such affidavit was ever filed.  Even his "motion for change of venue" fails to allege facts showing personal bias or prejudice of the presiding judge.

¶17 On August 12, 1997, after the District Court had entered the three orders at issue here, MacPheat filed an "affidavit for disqualification of judge for cause," with this Court. Although the affidavit was filed on August 12, it was dated June 16, 1997. Among various allegations made against the Flathead County Justice of the Peace, the Flathead County public defenders, and the "Eleventh District Court," MacPheat testified that on that same date he was filing a complaint with the Judicial Standards Commission against the presiding judge in this case. However, that affidavit is insufficient to meet the requirements of Sec. 3-1-805, MCA. First, it was filed with this Court and not with the District Court in connection with a motion to disqualify the judge. Second, it was filed after the District Court entered the three orders at issue in this case and thus would not strip the District Court of authority to enter those orders. Third, the affidavit again alleges no facts showing personal bias or prejudice of the presiding judge.

¶18 MacPheat's motion for change of venue was properly denied. We affirm the orders of the District Court entered after MacPheat filed his "motion for change of venue."

¶19 Finally, this Court wants to clarify a portion of the record in this case. We note that in the statement of facts contained within the State's brief, the State recites various facts on pages 5, 6, and 8 that did not occur in this case. The State apparently gathered those facts from two orders this Court issued in Supreme Court cause number 96-615 on December 10, 1996, and May 13, 1997. Those orders appear in the District Court's record in this case (cause number DC-96-020(A)) and are attached as Appendices B and C to the State's brief. However, this Court entered those orders in another Supreme Court case involving MacPheat, which relate to cause number DC-95-022(B) in the District Court. That case involves MacPheat's conviction for arson. Apparently, after this Court entered those orders, they were mistakenly placed in the file for cause number DC-96-020(A), instead of DC-95-022(B). This mistake is understandable given the numerous cases, appeals, and other papers MacPheat has filed in this Court and in the District Court. In considering MacPheat's appeal in this case, this Court

disregarded the inaccurate facts contained within the State's brief.

¶20   Affirmed.

/S/  WILLIAM E. HUNT, SR.

We Concur:
/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART
/S/  JIM REGNIER