No. 01-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 51N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TRUMAN B. PLUMMER,

Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Sanders,
Honorable Michael C. Prezeau, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Truman B. Plummer, Pro se, Hot Springs, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Robert Zimmerman, County Attorney, Thompson Falls, Montana

Submitted on Briefs:   January 3, 2002

Decided March 26, 2002

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph (3) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Truman B. Plummer (Plummer) appeals from the Twentieth Judicial District Court's denial of his motion to withdraw his guilty plea, motion for credit for time served, motion to appoint counsel and motion for substitution of judge.  We affirm.

¶3    The following issues are presented on appeal:

¶4    (1)  Did the District Court err when it denied Plummer's motion to withdraw his guilty plea?

¶5    (2)  Did the District Court err when it denied Plummer's motion for credit for time served?

¶6    (3)  Did the District Court err when it denied Plummer's motion to appoint counsel?

¶7    (4)  Did the District Court err when it denied Plummer's motion for substitution of judge?

## FACTUAL AND PROCEDURAL BACKGROUND

¶8    In 1993, the State charged Plummer with one count of felony incest and one count of felony sexual intercourse without consent.  Plummer's adopted stepdaughter was the victim of the offenses.  On June 1, 1994, Plummer entered an oral guilty plea to one count of felony sexual assault.

¶9    According to the plea agreement, the county attorney agreed to file an amended information charging felony sexual assault rather than incest and sexual intercourse without consent.  Also, the county attorney agreed to recommend to the District Court a three-year deferred imposition of sentence upon the condition that Plummer qualify for a sex offender treatment program prior to sentencing and that the court receive a report stating that Plummer was an appropriate candidate for a sex offender treatment program.  The county attorney further agreed that in the event Plummer was not successfully included in a sex offender program, he could, at his option, proceed to sentencing on the amended charge or withdraw his plea to the amended information and proceed to trial on the original charges. After the recitation of terms, Plummer stated that he understood the plea agreement.

¶10   The District Court accepted the agreement.  However, before doing so, it advised Plummer that he

must qualify for the sex offender program. The court informed Plummer that the "ultimate goal" of the plea agreement was for Plummer to qualify for the sex offender program and be treated, and if this goal was met, the plea agreement would take effect. At that point, Plummer would waive all of the rights of which the court advised him. Again, Plummer stated that he understood. Finally, the court stated that if Plummer did not qualify for the sex offender treatment program, the goal of the agreement was "not obtainable," and Plummer could then request sentencing or withdraw his plea and proceed to trial on the original charges. Plummer again acknowledged that he understood the plea agreement.

¶11 After the court received a letter from Dr. Michael J. Scollatti stating that Plummer was conditionally accepted into a sex offender treatment program, the court imposed a three-year deferred imposition of sentence as set forth in the parties' plea agreement and placed Plummer on probation.

¶12 Approximately one and one-half years later, the State petitioned to revoke Plummer's deferred sentence. Among other allegations, the State alleged that Plummer had violated the conditions of his deferred sentence by incurring a criminal conviction for violation of a protection order and by failing to successfully complete sex offender treatment. Following a hearing in which Plummer was represented by counsel, the District Court revoked Plummer's deferred sentence and ordered him to serve twenty years at Montana State Prison with ten years suspended.

¶13 Since the revocation of his sentence, Plummer has filed multiple motions and petitions with the District Court and this Court. One of the petitions Plummer filed with this Court sought a writ of mandamus requesting credit for the time Plummer served while on probation. On May 9, 2000, we denied the writ. We concluded that because Plummer was on probation, did not serve any portion of his sentence and was not committed to the Department of Corrections, he was ineligible for credit for time served under § 46-18-402, MCA (1995).

¶14 Plummer's most recent filings in the District Court are the subjects of this appeal. In January through March 2001, Plummer filed a motion to withdraw his guilty plea, a motion for credit for time served, a motion for appointment of counsel and a motion to substitute judge. The District Court denied all of Plummer's motions. Plummer appeals.

## DISCUSSION

¶15 (1) Did the District Court err when it denied Plummer's motion to withdraw his guilty plea?

¶16 Plummer contends that according to the transcript of the entry of his plea in June 1994, he has the right to withdraw his plea now. In support of this claim, Plummer points out that the county attorney agreed that if Plummer was not successfully included in a sex offender program, he could, at his option, withdraw his plea and face trial on the State's original charges. In addition, Plummer relies upon the following exchange:

> THE COURT: I understand and I accept this plea agreement, that if you are not, if you
> don't qualify for the sex offender program, the goal of this agreement is not obtainable,

that you then have a right to ask to be sentenced or withdraw your plea and in which case the amended information will be withdrawn and the original information reinstated.

Do you understand all of that?

THE DEFENDANT: Yes, I do.

THE COURT: Very well then, your, the plea agreement is acceptable to the Court. And the plea of guilty is accepted by the Court.

¶17    Our standard of review of a district court's denial of a motion to withdraw a guilty plea is whether the court abused its discretion. No set rule or standard exists under which a trial court addresses a request to withdraw a guilty plea. Rather, each case must be considered in light of its unique record. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177 (citation omitted).

¶18    Three factors must be balanced when considering a criminal defendant's attempt to withdraw a guilty plea: (1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempts to withdraw the plea; and (3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. Enoch, 269 Mont. at 11-12, 887 P.2d at 177.

¶19    Here, the District Court held that there was no basis upon which to grant Plummer's motion to withdraw his guilty plea which was filed nearly seven years after he pled guilty. The court concluded that Plummer was adequately interrogated, his motion was untimely and his plea resulted from a plea agreement with which the State and the court complied.

¶20    On appeal, Plummer does not argue that he was improperly interrogated, and the first factor of the three part test thus weighs in favor of denying Plummer's motion to withdraw his guilty plea.

¶21    With respect to the third factor, Plummer's plea was the result of a plea bargain in which he gave his guilty plea in exchange for dismissal of the incest and sexual intercourse without consent charges he otherwise faced.   Contrary to Plummer's contentions, the State and the District Court complied with the plea agreement. After the court received a letter indicating that Plummer was conditionally accepted into a community-based sex offender treatment program, the goal of the plea agreement was met. At this point, as was explained during the plea interrogation, Plummer waived the right to withdraw his plea and proceed to either sentencing or trial. In Plummer's terms, his right to withdraw his guilty plea "evaporated" when the terms of the plea bargain were met.

¶22    Finally, regarding the second factor, Plummer argues that his motion was timely. Plummer contends that his right to withdraw his plea has not "evaporated" during the last seven years because he has not had transcripts of the 1994 plea proceedings to "review and refresh" his memory. He states that despite his attempts to obtain transcripts of the plea proceedings, the District Court did not award them until 1999. The State responds that Plummer waited too long to attempt to withdraw his guilty plea, and

his claim that he was not informed about the option of moving to withdraw his guilty plea fails to excuse Plummer's delay.

¶23   In determining whether a request to withdraw a guilty plea is timely,  each case must be considered in light of the specific facts associated with the case.  Mallak v. State, 2002 MT 35, ¶ 27, 308 Mont. 314, ¶ 27.

¶24   Based on the facts of this case, we conclude that even if Plummer had the right to withdraw his plea, his motion was untimely.  At the entry of his plea, Plummer repeatedly stated that he understood the plea agreement and understood that he could withdraw his guilty plea if he was not accepted into a sex offender treatment program.  In light of this, we reject Plummer's argument that he essentially forgot that he had the right to withdraw his plea until he obtained transcripts of the plea proceeding.  Lapse of memory, alone, is not a basis for attempting to withdraw a guilty plea seven years after it was entered.

¶25   In balancing the three factors governing withdrawal of a guilty plea, the Court concludes that all three factors weigh against permitting Plummer to withdraw his plea.  The District Court properly denied Plummer's motion to withdraw his guilty plea.

¶26   (2)  Did the District Court err when it denied Plummer's motion for credit for time served?

¶27   On March 16, 2001, Plummer refiled in the District Court a motion for credit for time served (amended) requesting credit for 728 days that he served while on probation based upon §§ 46-18-402 and 46-23-1013, MCA.

¶28      The District Court succinctly addressed the confusion surrounding Plummer's motion.  It pointed out that Plummer previously filed a motion for correction of credit for time served on December 3, 1999.  Plummer sought credit for 608 days from September 21, 1994 to June 22, 1996–the date from which his sentence was originally deferred until it was revoked.  The District Court did not rule on Plummer's motion.  On May 9, 2000, this Court issued an order in response to Plummer's petition for a writ of mandamus stating that Plummer was not eligible for credit for time served under § 46-18-402, MCA (1995).

¶29   Undeterred, Plummer filed another appeal on this issue.  In our order dated February 6, 2001, we acknowledged that we denied Plummer's petition for a writ of mandamus on the credit for time served issue.  However, we stated that because neither Plummer nor the District Court docket indicated that the District Court had ruled on the credit for time served issue, Plummer's appeal on the matter was dismissed without prejudice.

¶30   On April 9, 2001, the District Court denied Plummer's latest motion for credit for time served, and it is this denial which Plummer now appeals.  The District Court first concluded that Plummer's motion was barred by res judicata since he  previously raised the issue of his entitlement to credit for time served on probation in a petition for a writ of mandamus, and this Court rejected his argument in our May 9, 2000, order.  In addition, the District Court stated that Plummer was not entitled to credit for time served since the court expressly rejected any credit for time Plummer served on probation in its

judgment revoking Plummer's deferred sentence.

¶31    On appeal, Plummer argues that the District Court's entry of judgment placed him under the supervision of the Department of Corrections, and thus § 46-18-402, MCA, applies.  Plummer also contends that, under §§ 46-23-1013(3) and 46-23-1025(4), MCA, the only time served that the court "can take away from an offender" is the time from which a warrant is issued for the offender's arrest until the time the offender is arrested.  Plummer  insists his double jeopardy rights were violated when the District Court refused to credit him for the 728 days he spent on probation prior to having his deferred sentence revoked.  He also criticizes the varying treatment afforded to parolees and probationers with regard to credit for time served.

¶32    The State responds that the District Court properly applied the doctrine of res judicata  and properly concluded that, in any event, Plummer was not entitled to credit for time served since the District Court expressly refused to grant Plummer the credit in its judgment revoking Plummer's deferred sentence.

¶33    This Court has applied res judicata to preclude an appellant from raising issues on appeal which were previously resolved by this Court.  State v. Black (1990), 245 Mont. 39, 44, 798 P.2d 530, 533; State v. Smith (1986), 220 Mont. 364, 372, 715 P.2d 1301, 1305-06.  A writ of mandate which does not reach the merits of the controversy on a subsequent appeal is not res judicata.  Booth v. Argenbright (1987), 225 Mont. 272, 279, 731 P.2d 1318, 1322.

¶34    This Court already rejected Plummer's claim for credit for time served in our May 9, 2001, order addressing Plummer's petition for a writ of mandamus.  Unlike in Booth, in addressing Plummer's petition, we reached the merits of the controversy now on appeal.  Therefore, Plummer is precluded from relitigating his claim for credit for time served under the doctrine of res judicata.  This remains the case despite our dismissal without prejudice of Plummer's first appeal on this issue.  Our order issued February 6, 2001, merely highlights the confusion created when Plummer files motions and writs on the same issues at the same time in the District Court and this Court.

¶35    Even if Plummer's claim for credit was not barred by res judicata, Plummer would not be entitled to credit for time served for the same reason articulated in our May 9, 2001, order denying his mandamus petition and pursuant to § 46-18-201(4), MCA (1995).  Here, the District Court expressly denied Plummer credit towards his sentence for any elapsed time while he was under his initial probationary sentence, except for the time that he was actually incarcerated, since Plummer failed to obtain sexual offender treatment and committed a new criminal offense while on probation.

¶36    We hold that the District Court did not err when it denied Plummer's motion for credit for time served.

¶37    (3)  Did the District Court err when it denied Plummer's motion to appoint counsel?

¶38    In the District Court, Plummer filed a "Motion to Appoint Counsel in Motion For Credit for Time Served" on March 16, 2001.  The District Court denied Plummer's motion, stating that because there

was no basis for refiling his motion for credit for time served, there was no basis to appoint counsel to prosecute the motion.

¶39    Plummer argues that because he is indigent, the issues of his motion were complex, and he has limited knowledge of the law, the ends of justice would best be served through appointment of counsel. It is unclear whether Plummer is referring to the motion he filed before the District Court concerning his motion for credit for time served, or the motion to appoint counsel for his appeal informally attached to his opening appeal brief.  This Court denied Plummer's formal motion for counsel on appeal on February 5, 2002.

¶40    The only matter before the District Court was Plummer's motion to appoint counsel to assist him with his credit for time served motion.  At the time the District Court considered Plummer's motion, this Court had already determined that Plummer was not entitled to credit for time served while on probation.  Under these circumstances, the District Court did not err when denying Plummer court-appointed counsel to relitigate this issue.

¶41    (4)  Did the District Court err when it denied Plummer's motion for substitution of judge?

¶42    Plummer filed "Appeal, Motion for Substitution of Revocation and Sentencing Judge" in the District Court on January 29, 2001.  However, the caption of this motion addresses the motion to this Court.  On February 20, 2001, Plummer filed another motion to substitute judge in the District Court. On March 16, 2001, Plummer filed yet another motion for substitution of judge in the District Court.

¶43    The District Court concluded that Plummer's motion for substitution of judge was not timely and did not comply with the requisite statutory requirements.  The District Court thus denied Plummer's motion.

¶44    As set forth in § 3-1-804, MCA, a party must file a motion for substitution of judge within 10 days after service of an initiating document.  Any motion for substitution which is not timely filed is void for all purposes.  To remove a district court judge for cause under § 3-1-805, MCA, a party must file an affidavit alleging facts showing personal bias or prejudice of the presiding judge.  It must be filed at least 30 days before a hearing date or date set for trial.  Also, the affidavit must be accompanied by a certificate of counsel that the affidavit has been made in good faith.  Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.  In other words, the procedure outlined in § 3-1-805, MCA, must be followed to remove a judge for cause. In re Marriage of Eklund (1989), 236 Mont. 77, 78-79, 768 P.2d 340, 341.

¶45    Here, Plummer did not file a motion to substitute judge within 10 days of the initiation of his revocation and sentencing proceedings as required by § 3-1-804, MCA.  Nor did he properly move to disqualify the District Court judge pursuant to § 3-1-805, MCA.  None of his motions were timely filed and they did not include a certified affidavit alleging, in good faith, facts showing personal bias or prejudice of the District Court judge.  Accordingly, we hold that the District Court did not err in denying Plummer's motions for substitution of judge.

¶46    We affirm the District Court.


/S/ W. WILLIAM LEAPHART


We concur:
/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE