ORIGINAL

FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0105

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0105

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ANTHONY WEIMER,

Petitioner,

v.

ELEVENTH JUDICIAL DISTRICT COURT,
FLATHEAD COUNTY, and
HONORABLE HEIDI J. ULBRICHT,

Respondent.

O R D E R

Representing himself, Anthony Weimer has filed a Petition for Writ of Supervisory Control over the Eleventh Judicial District Court, alleging that the District Court is proceeding under a mistake of law making the remedy of appeal inadequate. Weimer raises three issues in his Petition. He states that "[t]hese are urgent and emergency circumstances because they involve Weimer's rights as matters of law that are being blatantly violated and causing gross injustice in the District Court's proceedings."

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

Weimer contends that acceptance of jurisdiction is proper and necessary. M. R. App. P. 14(3). Weimer argues that the District Court is proceeding under a mistake of law because the court has violated his speedy trial rights. As a second issue, he puts forth that

the court has not dealt with pretrial motions that he alleges are ripe for ruling. He lastly argues that District Court Judge Eddy acted in his underlying proceeding even though he had filed a second motion for disqualification.

On October 12, 2021, this Court reversed Weimer's conviction of criminal mischief because no written waiver of Weimer's right to a jury trial was included in the record on appeal. *State v. Weimer*, No. DA 21-0075, 2021 MT 266N, ¶ 9, 2021 Mont. LEXIS 809. We remanded the matter to the District Court for a new trial. *Weimer*, ¶¶ 9-10. The case was closed, and the exhibit record was returned on November 2, 2021.

On January 4, 2022, Weimer filed a motion for disqualification for cause with the District Court, and it was sent to this Court. In that pleading, Weimer stated that a four-day trial was set for January 18, 2022. This Court denied the motion and declared it void on January 5, 2022, because Weimer had not demonstrated grounds for disqualification. We explained that any affidavit must be filed thirty days before trial and that it cannot solely be based upon the Judge's rulings, which may be addressed in an appeal. Section 3-1-805(1)(b), MCA. On January 7, 2022, Weimer filed a second motion for disqualification for cause of Judge Eddy. On January 21, 2022, Judge Eddy issued a Relinquishment and Acceptance where Judge Ulbricht accepted jurisdiction of this pending criminal case.

Contrary to Weimer's claims, the District Court had jurisdiction to act. We have stated before that the statutory mandate leaves little room for interpretation when considering § 3-1-805, MCA. "The requirements of this statute are mandatory; the failure to comply with its provisions justifies dismissal of a motion for disqualification." *Damschen v. Fourth Judicial Dist. Court*, No. OP 06-0380, 2006 Mont. LEXIS 335, Order at *2 (June 7, 2006) (citing *Marriage of Eklund*, 236 Mont. 77, 79, 768 P.2d 340 (1989)). This Court declared his motion and affidavit void because the jury trial was two weeks from the filing of his first motion. His second motion, filed three days later, cannot change the fact of the jury trial's date, and it was not filed with this Court because the result would have been the same. His filing was void, and the District Court could act to assign a judge to the pending case there. On February 10, 2022, the District Court issued an Order concerning Weimer's notice of void recusal and fraud upon the court, declaring it moot.

2

We decline to accept jurisdiction of this matter because it is not necessary. His issues about speedy trial and pre-trial motions are more appropriate for appeal. According to the attached January 3, 2022 minute entry, Weimer asked for a continuance of the matter, which the court granted, setting the case for the next jury trial term. On the next day, Weimer moved to disqualify Judge Eddy, which this Court denied on January 5, 2022. Judge Eddy issued an amended scheduling order on January 6, 2022, setting the case for June 2022. Since then, the District Court has another judge presiding. On January 24, 2022, Judge Ulbricht issued an amended scheduling order on the plea of not guilty and set the matter for trial in August 2022.

Weimer is not entitled to supervisory control. We do not find the existence of urgency, emergency factors, or purely legal questions. We conclude that supervisory control is not warranted because the District Court is not proceeding upon a mistake of law causing a gross injustice. M. R. App. P. 14(3). Weimer retains the remedy of a direct appeal for which the entire record would be available to this Court. M. R. App. P. 4(1)(a), 4(5)(b)(i), and 6(2). Therefore,

IT IS ORDERED that Weimer's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to the Honorable Heidi Ulbricht, Eleventh Judicial District Court, Flathead County; to Peg Allison, Clerk of District Court, Flathead County, under Cause No. DC-20-207(C); to counsel of record; to Stacy Lynne Boman, Deputy County Attorney; to Ryan Hennen, Stand-by Counsel, along with a copy of Weimer's Petition; and to Anthony Weimer personally.

DATED this 15 day of March, 2022.

_____
Chief Justice

_____

3

_____

_____

_____
Justices